LESTER BARNETT V. THE STATE.

No. 15951.    Delivered May 17, 1933.
Reported in 60 S. W. (2d) 448.

The opinion states the case.

*Aubrey Davee* and *Shropshire & Sanders,* all of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, fifteen years in the penitentiary.

The robbery alleged to have occurred in this case took place in the morning before day in a store to which the owner had gone to open it up for the day's business.    Mr. Carson, the owner, had gone to the back of the store to light a stove, and heard some one walking and said, "Come in."    According to Carson's testimony appellant, a negro man, advanced upon him, presented a pistol, and robbed him of a small amount of money

and left. If there was any light in the storeroom, such fact is not mentioned. Upon phone call, the sheriff arrived at the scene of the robbery soon afterward, and was given a description of the robber. He first arrested a negro named Punchard and brought him to Carson. On the trial the sheriff testified, over objection, that Carson "refused to identify Punchard as the robber and he was released."

Carson testified that the robber had on blue overalls, a dark solid colored sweater and a cap, but said he did not notice what kind of shirt he wore. He had not known appellant before this occurrence. On cross-examination he was asked if he had not sworn on the examining trial that the man who robbed him had on a blue shirt, and witness said he did not so swear. After identifying his signature to the testimony taken down at such examining trial, appellant offered in evidence the written and signed statement of Carson as made at the examining trial which contained—according to the certificate of the learned trial judge who approved this bill of exception—the statement that the defendant had on at the time of the robbery blue overalls, a blue shirt, and a cap. The state's objection to this was sustained. We think in both matters mentioned there was error. In Moore v. State, 40 Texas Crim. Rep., 439, upon apparently good reasoning, this court held it wrong to admit testimony that the victimized person refused to identify other persons than the accused as the ones who committed the crime, and they were released.

Appellant in this case offered a number of witnesses who swore to an alibi. Also he offered testimony to the effect that he and the negro Punchard resembled each other, were about the same age and size, etc., and that Punchard was seen on the morning of the robbery in the vicinity thereof, and that he had on a solid colored sweater. We can not hold under the facts in this case, involving identification of an unknown negro seen at best from street lights outside the building, that the refusal of the court to allow the defense to show that on the examining trial Carson testified differently regarding the shirt worn by the alleged robber, from what he said on this trial, may not have been sufficient to turn the scales in favor of appellant.

For the errors mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*